IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KARELLEN STEPHENS, et al.,**

    Plaintiffs,

    v.

**MULTNOMAH COUNTY, et al.,**

    Defendants.

No. 3:12-cv-00171-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendants Scott Kocher, Richard Vangelisti, and Vangelisti Kocher, LLP (collectively "Vangelisti defendants") moved to dismiss [8] pursuant to Fed. R. Civ. P. 12(b)(6). Subsequently, most of the other over 70 defendants named by plaintiffs Karellen Stephens, Renee Stephens and Qadira Stephens, through her guardian *ad litem* Karellen Stephens, (collectively "Stephens plaintiffs") also moved to dismiss. [26][27][30][31][35][42][45][48][50][52][54][57][59][61][64][66][72][78][80].[1] For reasons stated below, I grant all the pending motions to dismiss and dismiss the remaining defendants *sua sponte*.

---

[1] In addition to arguing that the Stephens plaintiffs have failed to allege sufficient facts to state a claim for relief, the other defendants argue that any putative claims are barred by, among other things, the applicable statutes of limitations, sovereign immunity, and issue and claim preclusion.

1 – OPINION AND ORDER

**LEGAL STANDARD**

A complaint filed in federal court must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While reviewing courts generally must accept factual allegations as true and construe pleadings favorably for nonmoving parties, *pro se* complaints are given special solicitude: They may only be dismissed if "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) (quotation omitted).

**DISCUSSION**

The Stephens plaintiffs are not strangers to this court. This complaint relates back to a tort suit brought by Karellen Stephens acting as guardian *ad litem* for Qadira Stephens ("Qadira"), who allegedly suffered burns in a bath during a sleepover at a friend's house. Following that unsuccessful suit, Ms. Stephens sued her lawyers in the case, the Vangelisti defendants, for malpractice. She lost again. Ms. Stephens then named numerous lawyers, judges, and others involved in that suit in a civil rights suit in this court, claiming that under 42 U.S.C. § 1983, § 1985, and §1986, they "conspired to interfere with their civil rights, neglected to prevent this interference, and deprived Ms. Stephens and her daughter of rights protected by the United States Constitution's Seventh and Fourteenth Amendments, and Article I Section 17 of Oregon's Constitution." *Stephens, et al. v. Multnomah Cnty., et al.*, No. 3:11-cv-01497, slip op. at 2–3 (D. Or. Apr. 3, 2012) ("*Stephens I*"). Ms. Stephens also claimed the Vangelisti defendants intentionally inflicted emotional distress. I granted the Vangelisti defendants' motion to dismiss

for failure to state a claim and dismissed the claims against the other defendants *sua sponte*. *Id.* at 5. The present complaint restates those same claims against those same parties and adds scores of new defendants. It also appears to incorporate by reference Renee Stephens's employment discrimination claims against Nike, Inc., his former employer, which are the subject of a case in this court and were the basis for a failed state suit. *See Stephens v. Nike, Inc.*, No. 3:11-cv-00736, Findings and Recommendations at 10 (D. Or. Mar. 19, 2012).

## I.  Res Judicata

The defense of *res judicata*, or claim preclusion, precludes a plaintiff's claim if (1) the claim is identical to one in a previous suit, (2) there was a final judgment on the merits in that suit, and (3) the parties in the prior suit were either the same or in privity with those in the present suit. *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine precludes all claims that were or could have been raised in the previous suit. *McAnally v. Clark Cnty.*, 320 F. App'x 527, 528 (9th Cir. 2009). The Stephens plaintiffs' claims against the Vangelisti defendants and others named in Ms. Stephens's prior suit are precluded because all three of the above elements are satisfied. First, the claims mirror those in a previous suit. The complaint asserts claims under 42 U.S.C § 1983, § 1985, and § 1986; deprivation of rights under the Seventh and Fourteenth Amendments of the United States Constitution; and intentional infliction of emotional distress. These are the same claims I already dismissed. *Stephens I*, slip op. at 5. Second, that dismissal was a final judgment on the merits. *See Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981) (stating that dismissal under Fed. R. Civ. P. 12(b)(6) is a "judgment on the merits"). Third, the relevant parties in this case are identical to or in privity with the parties in that prior case. I therefore dismiss the claims against all defendants named by the Stephens plaintiffs for a second time in this suit: Multnomah County, Judge David F. Rees, Judge

Adrienne Nelson, Judge Jean K. Maurer, James M. Callahan, Scott Kocher, Richard Vangelisti, Vangelisti Kocher, LLP, and Callahan and Shears, PC.[2]

## II.     Failure to State a Claim

The Stephens plaintiffs' claims against defendants named for the first time in this suit must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This complaint incorporates or duplicates much of Ms. Stephens's prior complaint, which I dismissed because it included only "conclusory allegations of a conspiracy," not sufficient facts suggesting any plausible claims for relief. *See Stephens I*, slip op. at 4–5. Here the plaintiffs rehash those claims while adding additional, conclusory allegations that only serve to make any potential claims less plausible, even under the lenient standard afforded *pro se* plaintiffs. Accordingly, those claims are dismissed against all defendants for the same reasons discussed in my April 3, 2012, opinion in their prior lawsuit.

## III.    Pre-filing Review Order

Courts can issue pre-filing review orders limiting or placing conditions on a vexatious litigant's access to the federal courts under 28 U.S.C. § 1651 if (1) the party is given an opportunity to oppose the order before it is filed, (2) the court enables review by explaining the filings that support its order, (3) the trial court finds the party's actions frivolous or harassing, and (4) the order is narrowly tailored. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). Such an order is fitting here. First, the Stephens plaintiffs are on notice of and have had an opportunity to oppose such an order

---

[2] The complaint also references Mr. Stephens's claims against his former employer, Nike, Inc., which are the subject of a separate suit in this District. *Stephens v. Nike, Inc.*, No. 3:11-cv-00736, (D. Or. filed June 17, 2012). It is not clear whether the Stephens plaintiffs intended to re-assert those same claims or merely recite them as background material. To the extent the complaint attempts to restate the claims in that case, I dismiss them because they "cause unnecessary delay[] or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). To the extent the Stephens plaintiffs are attempting to assert new claims against Nike, I dismiss them under Fed. R. Civ. P. 12(b)(6) because they are mere conclusory allegations of an implausible scenario.

4 – OPINION AND ORDER

because it was requested in the Vangelisti defendants' motion, to which the Stephens plaintiffs filed responses [13][76]. Second, filing a complaint repeating meritless claims recently dismissed in a previous suit amounts to "numerous or abusive" activities. *DeLong v. Hennesey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Third, I find this history of litigation, when combined with the open-ended list of defendants in this case, rises to the level of frivolity and harassment.[3] Finally, the order I issue today is narrowly tailored because it pertains only to filings arising from Qadira's alleged injury and the subsequent litigation it prompted, or Mr. Stephens's dispute with this former employer, Nike, Inc.

## IV.   Attorney Fees

A court may award a prevailing defendant attorney fees in a civil rights action under 42 U.S.C. § 1988 if it finds the plaintiff's claim was "frivolous, unreasonable, or without foundation." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (quotation omitted). An award of fees is appropriate where a defendant is "forced to defend against frivolous claims made by a plaintiff who is apparently bent on endless litigation." *Ellis v. Cassidy*, 625 F.2d 227, 231 (9th Cir. 1980), *abrogated on other grounds, Elwood v. Drescher*, 456 F.3d 943, 946 (9th Cir. 2006). I declined to award attorney fees when dismissing Ms. Stephens's previous claims against the Vangelisti defendants because she was proceeding *pro se* and it was her first attempt with those claims. *Stephens I*, slip op. at 5. While the former is still true, the latter is not; however, I again decline to award fees. That being said, I wish to impress upon the Stephens plaintiffs the expense they have caused by indiscriminately adding defendants and haphazardly asserting allegations. The over 40 defendants who have filed responsive motions in this case, either collectively or individually, each

---

[3]In all, the Stephens plaintiffs have filed six Equal Employment Opportunity Commission charges, two state court lawsuits, three federal lawsuits, and multiple appeals. *See Stephens v. Nike, Inc.*, No. 3:11-cv-00736, Findings and Recommendations at 9–10 (D. Or. Mar. 19, 2012) (stating that Mr. Stephens "threatens to continue filing more and more cases with no offer of compliance with his obligations as a party to follow court rules, orders and deadlines").

5 – OPINION AND ORDER

likely incurred hundreds if not thousands of dollars in legal fees doing so.[4] Assuming each named defendant was entitled to an estimated fee award of $1,000, I could order the Stephens plaintiffs to pay over $70,000. But I decline to do so. Such an award would more likely magnify the Stephens plaintiffs' troubling self-image as the victims of a vast conspiracy rather than deter them from filing frivolous claims in the federal courts. The fee requests from the Vangelisti defendants and the other moving defendants are denied.

## CONCLUSION

I GRANT the above enumerated motions to dismiss [8][26][27][30][31][35][42][45][48][50][52][54][57][59][61][64][66][72][78][80]. I also dismiss the claims against all non-moving defendants *sua sponte*. Dismissal is with prejudice.

In addition, IT IS HEREBY ORDERED THAT, all filings by Karellen Stephens, Renee Stephens or Qadira Stephens, through her guardian *ad litem* Karellen Stephens, related to claims arising from the alleged injury to Qadira Stephens or Mr. Stephens's employment at Nike, Inc., SHALL BE REVIEWED BY THIS COURT AND ORDERED FILED ONLY IF SUCH FILINGS ARE DEEMED NOT FRIVOLOUS OR REPETITIVE. This Pre-filing Review Order shall remain in effect until the Court otherwise directs. In light of this order, plaintiffs' CM/ECF applications in this case [77][85] are DENIED.

IT IS SO ORDERED.

DATED this ___13th___ day of July, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[4] The average hourly billing rate for attorneys in private practice in Portland is $244. OREGON STATE BAR, 2007 ECONOMIC SURVEY 27 (2007).

6 – OPINION AND ORDER